**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND BALTIMORE (NORTHERN) DIVISION**

**METROPOLITAN LIFE INSURANCE COMPANY,**

Plaintiff,

vs.

Case No.:

**SUZANNE MAXWELL**



**DEVON MAXWELL**
314 Elkdale Rd.
Lincoln University, PA 19352

**KATHY MAXWELL-CLEMENS**
6 Charity Court
North East, MD 21901

**DANIELLE MAXWELL**
115 Elk View Rd.
Lincoln University, PA 19352

**DENNIS C. MAXWELL JR.**
115 Elk View Rd.
Lincoln University, PA 19352

**DAWN E. CARTER**
115 Elk View Rd.
Lincoln University, PA 19352

**C&J FINANCIAL, LLC.,**
P.O. Box 7070
Rainbow City, AL 35906

**Serve: Scott M. Quist**
**175 Jester Parkway**
**Rainbow City, AL 25906**
Defendants.

**COMPLAINT FOR INTERPLEADER [REDACTED]**

Plaintiff Metropolitan Life Insurance Company ("MetLife"), by and through its undersigned counsel, for its Complaint in Interpleader against the Defendants, hereby states as follows:

**PARTIES**

MetLife, at all relevant times hereinafter mentioned, is an insurance company organized and existing under and by virtue of the laws of the State of New York with its principal place of business in New York, New York. It is duly licensed to do business in the State of Maryland.

1. Upon information and belief, Defendant Suzanne Maxwell ("Suzanne") is the surviving spouse of Dennis C. Maxwell, Sr. (the "Decedent"), and she resides in [REDACTED] [REDACTED]

2. Upon information and belief, Defendant Devon Maxwell ("Devon") is the surviving son of the Decedent, and he resides in Lincoln University, Pennsylvania.

3. Upon information and belief, Defendant Kathy Maxwell-Clemens ("Kathy") is the surviving daughter of the Decedent, and she resides in North East, Maryland.

4. Upon information and belief, Defendant Danielle Maxwell ("Danielle") is the surviving daughter of the Decedent, and she resides in Lincoln University, Pennsylvania.

5. Upon information and belief, Defendant Dennis Maxwell Jr. ("Dennis") is the surviving son of the Decedent, and he resides in Lincoln University, Pennsylvania.

6. Upon information and belief, Defendant Dawn E. Carter ("Dawn") is the former spouse of the Decedent, and she resides in Lincoln University, Pennsylvania.

7. Upon information and belief, defendant C&J Financial, LLC is a limited liability company registered in Alabama, with its principal place of business in Rainbow City, Alabama.

## JURISDICTION AND VENUE

8. This court has original jurisdiction pursuant to 29 U.S.C. § 1132 (e) (1) and 28 U.S.C. § 1331, because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq*. Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

9. Venue is proper pursuant to 29 U.S.C. § 1132 (e) (2), and 28 U.S.C. § 1391 (b), because a defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district

## CAUSE OF ACTION IN INTERPLEADER

10. The Decedent, an employee of FCA US LLC, had life insurance coverage under the FCA US LLC Plan (the "Plan"), an ERISA-regulated employee welfare benefit plan sponsored by FCA US LLC and funded by a group life insurance policy issued by MetLife. A true and correct copy of the Plan document is attached hereto as Exhibit A.

11. MetLife, as claims fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan. 29 U.S.C. § 1104(a) (1) (D).

12. ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

13. The Plan establishes the right of the Plan participant to name his or her beneficiary. *See* Exhibit A at 7.

14. The most recent beneficiary designation on file for the Decedent is dated August 10, 2015, and names Devon, Kathy, Danielle, and Dennis as co-equal primary beneficiaries to the Plan Benefits. A true and correct copy of the August 10, 2015 beneficiary designation is attached hereto as Exhibit B.

15. The prior beneficiary designation on file for the Decedent is dated August 9, 2015, and names Suzanne as the sole primary beneficiary. A true and correct copy of the August 9, 2015 beneficiary designation is attached hereto as Exhibit B along with the August 10, 2015 beneficiary designation.

16. The next prior beneficiary designation on file for the Decedent is dated September 28, 1983, and names Dawn as the sole primary beneficiary. A true and correct copy of the September 28, 1983 beneficiary designation is attached hereto as Exhibit C.

17. The Decedent died on August 23, 2015. A true and correct copy of the death certificate is attached hereto as Exhibit D.

18. At the time of his Death, the Decedent was enrolled under the Plan for life insurance coverage in the amount of Sixty Four Thousand and Five Hundred Dollars ($64,500) (the "Plan Benefits"). The Plan Benefits became payable to the beneficiary or beneficiaries upon the Decedent death, pursuant to the terms of the Plan.

19. On or about August 24, 2015, Kathy, Danielle, Dennis, and Devon executed an Irrevocable Assignment and Power of Attorney (the "Assignment") in the amount of Twelve Thousand Five Hundred and Eighty Dollars ($12,580) to C& J Financial, LLC. A true and correct copy of the C&J Financial, LLC Irrevocable Assignment and Power of Attorney is attached hereto as Exhibit E.

20. In a letter dated September 2, 2015 to MetLife, Suzanne contests the most recent beneficiary designation and alleges that it was changed fraudulently by one of the Decedent's children. She states that the Decedent was unable to make decisions for the last six months of his life due to his liver failure, hepatic encephalopathy. A true and correct copy of the September 2, 2015 letter is attached hereto as Exhibit F.

21. By a Claimant Statement dated September 3, 2015, Dennis claimed the Plan benefits based on the August 10, 2015 beneficiary designation. A true and correct copy of Dennis's Claimant Statement is attached hereto as Exhibit G.

22. By a Claimant Statement dated September 3, 2015, Danielle claimed the Plan benefits based on the August 10, 2015 beneficiary designation. A true and correct copy of Danielle's Claimant Statement is attached hereto as Exhibit H.

23. By a Claimant Statement dated September 3, 2015, Kathy claimed the Plan benefits based on the August 10, 2015 beneficiary designation. A true and correct copy of Kathy's Claimant Statement is attached hereto as Exhibit I.

24. By Claimant Statement dated September 3, 2015, Devon claimed the Plan benefits based on the August 10, 2015 beneficiary designation. A true and correct copy of the Devon's Claimant Statement is attached hereto as Exhibit J.

25. MetLife cannot determine whether a court would find that the August 10, 2015 beneficiary designation is valid and, if not, if the August 9, 2015 beneficiary designation is valid.

26. If the court determines that the August 10, 2015 beneficiary designation is valid, then the Plan Benefits would be payable to Devon, Kathy, Danielle, and Dennis, in equal shares minus the $12,580 payable to C&J Financial, LLC pursuant to the Assignment.

27. If the court determines that the August 10, 2015 beneficiary designation was fraudulently completed, then the Plan Benefits would be payable to Suzanne, based on the August 9, 2015 beneficiary designation.

28. If the court determines that the August 10, 2015 beneficiary designation and the August 9, 2015 beneficiary designation are both invalid, then the Plan Benefits would be payable to Dawn, based on the September 28, 1983 beneficiary designation.

29. By letter dated September 29, 2015, MetLife advised the Defendants that their claims were adverse to one another and raised questions of fact and law that could not be resolved by MetLife without exposing itself and the Plan to the danger of double liability. MetLife gave Defendants an opportunity to try and resolve this matter in order to preserve the

Plan Benefits from litigation costs and fees.[1] Upon information and belief, no agreement was reached. A true and correct copy of the September 29, 2015 letter is attached hereto as Exhibit K.

30. MetLife cannot determine the proper beneficiary or beneficiaries of the Plan Benefits without risking exposure of itself, the Plan and FCA US LLC to multiple claims and liabilities.

31. By letter dated October 12, 2015, Kathy informed MetLife that she and her siblings were unable to come to an agreement with Suzanne about the Plan Benefits and requested that a court make the determination of the rightful beneficiaries. The letter, transmitted via facsimile, is attached as Exhibit L.

32. By letters dated October 18, 2015, Danielle, Devon and Dennis informed MetLife that they and Kathy were unable to come to an agreement with Suzanne about the Plan Benefits. The letters, transmitted via facsimile, are attached as Exhibit M.

33. As a mere stakeholder, MetLife makes no claim to the Plan Benefits other than payment of its reasonable attorney's fees and costs in connection with this action. MetLife therefore respectfully requests that this court determine to whom the Plan Benefits should be paid.

34. MetLife is ready, willing, and able to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant or Defendants the Court designates.

---

[1] MetLife's letter states that if the Decedent was incapable of making a beneficiary change in August 2015, then the benefit would be payable to Suzanne, Devon, Kathy, Danielle, and Dennis Jr. in equal shares. This is inaccurate. If the most recent beneficiary designation is valid, Suzanne will not receive a share of the benefits.

35. MetLife will deposit into the Registry of the Court the Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the judgment of this Court.

WHEREFORE, Plaintiff requests that the Court:

(i.) Restraining and enjoining the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States Court against MetLife, FCA US LLC, or the Plan for recovery of the Plan Benefits plus any applicable interest, by reason of the death of the Decedent.

(ii.) Require that Defendants litigate or settle and adjust between themselves their claim for the Plan Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Plan Benefits, plus any applicable interest should be paid;

(iii.) Permit MetLife to pay into the registry of the court the Plan Benefits, plus any applicable interest, and upon such payment dismiss MetLife with prejudice from this action, and discharge MetLife, FCA US LLC and the Plan from any further liability upon payment into the registry of this court, or as otherwise directed by this court;

(iv.) Award such other further relief, including attorney's fees and costs, to which MetLife is entitled in law or equity, as this court deems just and proper.

Dated: February 1, 2016

Respectfully submitted,
METROPOLITAN LIFE INSURANCE COMPANY

By: /s/ Kristine M. Ellison
Gail Westover, Esq.
Kristine M. Ellison, Esq.
Sutherland Asbill & Brennan LLP

700 Sixth St. NW
Suite 700
Washington, DC 20001
Gail.westover@sutherland.com
Kristine.ellison@sutherland.com
Counsel for Plaintiff Metropolitan Life Insurance Company